## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELDON LEHMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., SUCCESSOR IN INTEREST TO LEGG MASON WOOD WALKER, INC.; LEGG MASON, INC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 06-02484<br><br>**AMENDED COMPLAINT**<br><br>CLASS/COLLECTIVE ACTION<br><br><br>JURY TRIAL REQUESTED<br><br>ELECTRONICALLY FILED |

Plaintiff Sheldon Lehman ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      As explained herein, under applicable employment laws, Securities Brokers (defined below) are entitled to premium overtime compensation.  In short, if Securities Brokers work over forty hours per week, they are entitled to premium overtime pay.

2.      This is a nationwide collective action on behalf of all "Securities Brokers," defined as:  individuals who sold and/or marketed securities and other financial products ("Financial Products") sold by Defendant (defined herein), including but not limited to employees with any one of the following job titles:  (i) Securities Broker, (ii) Financial Advisor, (iii) Financial Services Representative, (iv) Investment Executive, and/or (v) Financial Consultant, who are or were employed by Citigroup Global Markets, Inc. ("CGMI"), successor in interest to Legg Mason Wood Walker, Inc., or any other parent, subsidiary, related, or successor companies (collectively, the "Company"), to recover unpaid overtime compensation

1

pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et  seq.* ("FLSA" or the "Act")

3.      Plaintiff also brings this action as a state-wide class action on behalf of all current and former Securities Brokers within the State of Pennsylvania to recover all unpaid overtime wages pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA") as amended, 43 Pa. C.S.C. § 333.101 *et seq.*; the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 Pa. C.S.A. § 260.1 *et seq.*; and the Pennsylvania Administrative Code (collectively, the "PA Labor Laws").

4.      Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.  Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

## SUMMARY OF CLAIMS

5.      Plaintiff brings this suit on behalf of three classes of similarly situated persons composed of :

a.      All current and former Securities Brokers of Defendant who are/were engaged in, or training to be engaged in, the business of selling Financial Products, and/or have taken or have trained to take registration examinations,  and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class");

2

b.      All current Securities Brokers who work for Defendant in the State of
Pennsylvania and are engaged in, or training to be engaged in, the business of
selling Financial Products, and/or have taken or have trained to take registration
examinations, and do not opt-out of this action(the "PA Class A"); and

c.      All former Securities Brokers who have worked for Defendant in the State
of Pennsylvania and were engaged in, or were training to be engaged in, the
business of selling Financial Products, and/or who took or trained to take
registration examinations, who would otherwise be members of PA Class A, and
do not opt-out of this action (the "PA Class B").

6.      The PA Class A and PA Class B are hereafter collectively referred to as the "PA
Classes."  The PA Classes and the Nationwide Collective Class are collectively referred to as the
"Classes."

7.      Plaintiff alleges on behalf of himself and the Nationwide Collective Class that
they are: (i) entitled to unpaid wages from Defendant for hours worked in which they did not
receive mandated minimum wages, as required by law; (ii) entitled to unpaid wages from
Defendant for overtime work for which they did not receive overtime premium pay, as required
by law, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

8.      Plaintiff alleges on behalf of himself and the PA Classes that Defendant violated
the PA Labor Laws by, *inter alia*,:  (i) failing to pay them premium overtime compensation at the
rate of one and one-half times the employee's regular rate for all hours worked in excess of 40
hours in any given workweek; (ii) failing to provide the minimum wage for all hours worked;
(iii) failing to pay all wages, including overtime pay, within the required pay period; (iv)
improperly withholding funds from the wages of Plaintiff and members of the PA Classes; (v)

failing to maintain a true and accurate record of the hours worked by Plaintiff and the PA

Classes; and (vi) furnish to them a statement with every payment of wages listing all the hours

worked.

9.      As a result of Defendant's violation of the above-referenced laws, Plaintiff and

the members of the Classes were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

10.      Upon information and belief Legg Mason-Wood Walker operated as the retail

brokerage division of Legg Mason, Inc.

11.      On June 24, 2005, Citigroup Inc. ("Citigroup") and Legg Mason Wood Walker

entered into a transaction which involved a swapping of assets, financial products and business

names.  Citigroup exchanged its worldwide asset management business for Legg Mason-Wood

Walker's brokerage and capital markets business.[1]

12.      Pursuant to the terms of the aforementioned transaction Legg Mason Wood

Walker brokerage offices now bear the name Smith Barney, the name of Citigroup's brokerage

division.

13.      Plaintiff and the other similarly situated members of the Classes are/were inside

sales people, and/or trainees to become inside sales people, engaged in the sale of Financial

Products on behalf of Defendant, who regularly worked in excess of forty hours per workweek

and/or in excess of eight hours per day without any premium for overtime pay as required by

law.

---

[1] Upon information and belief, as a result of this transaction, the liability for Plaintiff's allegations has transferred to CGMI.  Upon receipt of appropriate discovery confirming the assumption of this liability by CGMI, Plaintiff will dismiss Legg Mason as a Defendant and proceed with his claims against the appropriate parties.

14.     Due to the nature of the job responsibilities and requirements of Defendant's Securities Brokers, Plaintiff and members of the Classes were, and continue to be, required to work more than 40 hours a week during the course of their employment with Defendant.

15.     Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for overtime work.

16.     The duties of Securities Brokers are set forth in uniform, company-wide policies and procedures promulgated by Defendant.  Pursuant to the Defendant's uniform employment policies, Securities Brokers were paid principally on a commission basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

17.     Defendant's employment policies regarding Securities Brokers did not require them to hold any specific degree.

18.     Although the FLSA and PA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

19.     Plaintiff and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of securities.

20.     Plaintiff and members of the Classes are not exempt under the commissioned sales exemption because this exemption is unavailable to Defendant due to the fact that Defendant lacks a retail concept.  Businesses that lack a retail concept under the FLSA cannot claim the commissioned sales exemption.

21.     Plaintiff and the Classes do not qualify for the professional exemption described in the Act, *see* 29 U.S.C. § 213, or under Pennsylvania law because Securities Brokers are not employed in a *bona fide* professional capacity, requiring an advanced  degree in a field of science or learning.

22.     As such, Securities Brokers, including Plaintiff and members of the Classes, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay.

23.     In violation of the Act and Pennsylvania employment law, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week.

24.     Plaintiff alleges on behalf of the members of the Classes that Defendant's failure to pay overtime was knowing and willful.  Accordingly, Plaintiff and the members of the Classes are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid.

25.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendant.  If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

26.     Additionally, pursuant to company-wide policies, Defendant, without investigation or collaborating evidence, withholds a portion of the compensation of Plaintiff and members of Classes when a client of Defendant alleges that a Securities Broker made a mistake in a trade to cover the alleged "error."

27.     Further, Defendant has withheld portions of the compensation due Securities Brokers to compensate clients of Defendant for failing to provide the clients reduced front-end sales charges on certain mutual fund shares resulting from breakpoint discounts.  The failure to

provide the breakpoint discount was through no fault or error of Defendant's Securities Brokers, yet their compensation was illegally reduced by Defendant.

28.     Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION & VENUE

29.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

30.     Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

31.     In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

## PARTIES

33.     Plaintiff Sheldon Lehman ("Plaintiff") is a Pennsylvania resident who was a Securities Broker employed by Defendant during the statutory period covered by this complaint, who Defendant failed to compensate for all hours worked, including those hours over forty per week.

34.     For purposes of the Nationwide Collective Class, Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

35.     Defendant Citigroup Global Markets, Inc., as successor in interest, is a division of Citigroup, Inc., a large, worldwide financial services company with a diverse portfolio of branded subsidiaries.  CGMI is a corporation organized under the laws of the State of Delaware.

CGMI currently maintains offices within the Commonwealth of Pennsylvania, and conducts business at those locations.

36.     Legg Mason, Inc. is a corporation organized and existing under the laws of the State of Maryland.  Prior to the transaction with Citigroup, Inc. their securities brokerage firms were NASD registered with offices located nationwide.  Upon information and belief, those firms now operate under Defendant Citigroup Global Management, Inc.'s brokerage division, Smith Barney.  During the statutory period covered by this Complaint prior to the transaction with Citigroup, Defendant Legg maintained offices within the Commonwealth of Pennsylvania and conducted business at those locations.

## CLASS / COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff brings this action on behalf of himself and the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of himself and the PA Classes for claims under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.102 *et seq*., and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 2601.1 *et seq*., as a class action pursuant to the Federal Rules of Civil Procedure 23 and Pa.R.C.P. 1702.

38.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims under the PMWA and PWPCL may be pursued by all similarly-situated persons who do not opt-out of the PA Classes pursuant to the Federal Rules of Civil Procedure 23.

**Allegations Applicable To All Classes**

39.     The members of each of the Classes are so numerous that joinder of all members is impracticable.  The exact number of the members of the Classes can be determined by

reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there are hundreds of individuals in each defined class.

40.     Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

41.     A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

42.     A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FLSA and applicable PA Labor Laws.

43.     Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

44.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

a.       Whether the Defendant employed the members of the Classes within the meaning of the applicable statutes, including the FLSA;

b.       Whether Securities Brokers were uniformly, willfully and wrongfully classified by Defendant as exempt from overtime compensation;

c        Whether Defendant lacks a retail concept;

d.       Whether Defendant failed to pay Plaintiff and members of the Classes all premium overtime compensation due to them by virtue of their uniform designation as exempt;

e.       Whether Plaintiff and members of the Classes were expected to, and/or mandated to, regularly work hours in excess of forty (40) per week;

f.       Whether Defendant failed to pay Plaintiff and members of the Classes for all hours worked;

g.       Whether Defendant violated any other statutory provisions regarding compensation due to Plaintiff and members of the Classes; and

h.       Whether Plaintiff and the Classes have sustained damages and, if so, what is the proper measure of damages.

45.       Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**Allegations Specific To The Nationwide Collective Class**

46.       Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

All persons, who: (i) are/were employed as Securities Brokers with the Company; (ii) are/were not paid the federal minimum wage for all hours worked; (iii) are/were not paid overtime compensation for

work performed beyond the forty (40) hour work week; and (iv) choose to opt-in to this action (the "Nationwide Collective Class").

47.     Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

**Allegations Specific To the Class Action Classes**

48.     Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure and Rule on behalf of the following persons similarly situated (the "PA Classes"):

> All persons within the State of Pennsylvania who: (i) are/were employed as Securities Brokers with the Company; (ii) are/were not paid for all the hours worked in a given workweek; (iii) and are/were not paid overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour work week, and / or eight (8) hours in a workday.

49.     Plaintiff also seeks certification of a subclass consisting of all members of the PA Classes who, during the applicable class period, were subject to at least one deduction from commissions or other wages, which deduction was not the result of dishonest, willful, or grossly negligent acts by the employee or authorized by the PWPCL (the "PA Subclass").

50.     In addition to the common issues of fact described above, the PA Classes and PA Subclass members have numerous common issues of fact, including whether Defendant:  (i) failed to compensate adequately the members of the PA Classes for all hours worked, including overtime, as required by the PMWA, 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41; (ii) willingly violated the PWPCL, specifically 43 P.S. § 260.3., by not paying all the required compensation as required by Pennsylvania law; (iii) whether Defendant willingly violated 43 P.S. § 260.3 and 34 Pa. Code § 231.22 by making improper deductions from wages of the PA Subclass; (iv) willingly violated the PA Labor Laws, specifically, Pa  43 P.S. § 333.108 and 34

Pa. Code §§ 231.31 and 231.36 by not maintaining a true and accurate record of each hour worked, and all wages earned, by Plaintiff and the PA Classes; and (v) damaged members of the PA Classes and, if so, the extent of the damages.

## COUNT ONE

51.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

52.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

54.     As stated above, Defendant has a policy and practice of refusing to pay overtime compensation to its Securities Brokers for the hours worked in excess of forty hours per week.

55.     Defendant's failure to pay Plaintiff and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hour workweek, is a violation of 29 U.S.C. §§ 206, 207.

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

57.     Due to the Defendant's FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Class, is entitled to recover from Defendant, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

58.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59.     As stated herein and pursuant to Defendant's policy, Securities Brokers were paid primarily on a commission basis irrespective of the number of actual hours worked during a work week.

60.     Pursuant to Defendant's compensation policies, Plaintiff and members of the Nationwide Collective Class would not receive any compensation unless they finalized a sale of Defendant's Financial Products, irrespective of the actual hours worked.

61.     Pursuant to Section 16(c) of the Act, Plaintiff and the members of the Nationwide Collective Class are entitled to liquidated damages equal in amount to the unpaid compensation for the hours worked in which did not receive compensation equal to the federal minimum wage in an amount to be proven at trial, together with interest, costs, and reasonable attorneys' fees.

## COUNT THREE

62.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

63.     The State of Pennsylvania has recognized the importance of protecting employees, and as such has codified its own regulations in the PA Labor Laws.

64.     Specifically, 43 P.S. § 333.104(c) and 34 Pa. Code §231.41, state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week and/or eight per day, unless the employee falls under one of the enumerated exemptions.

65.     Plaintiff and members of the PA Classes regularly worked more than 40 hours per week, and received no premium pay for hours worked in excess of 40 per week.

66.     During the applicable class period, Plaintiff and members of the PA Classes did not meet the tests for exempt status under the state laws.

67.     Defendant's willful and unlawful acts of wrongly classifying the PA Classes as exempt constitute violations of the PA Labor Laws, by not paying the required state law overtime pay to the members of the PA Classes.

68.     Pursuant to 43 P.S. § 333.113 Plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to the PA Classes in an amount to be proved at trial, along with the costs of this litigation and reasonable attorney's fees.

<u>**COUNT FOUR**</u>

69.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

70.     The PA Labor Laws, specifically 43 P.S. § 333.104(a), state that all employees shall be paid a minimum wage for all hours worked.

71.     Pursuant to Defendant's compensation policies, Plaintiff and members of the PA Classes were paid on a commission basis and would not receive any wages unless they finalized a sale of Defendant's Financial Products, irrespective of the actual hours worked.

72.     Pursuant to 43 P.S. § 333.113, Plaintiff and the members of the PA Classes are entitled to liquidated damages equal in amount to the unpaid compensation for the hours worked in which did not receive compensation equal to the minimum wage in an amount to be proven at trial, together with interest, costs, and reasonable attorneys' fees.

<u>**COUNT FIVE**</u>

73.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74.     Defendant failed to pay Plaintiff and members of PA Classes all wages due to them, as required by the PA Labor Law, and is in violation of 43 P.S. §260.3.  This failure to pay all amounts which remain due and owing remains ongoing.

75.     Therefore, Plaintiff and the PA Classes demand an accounting and payment of all wages due, in addition to a penalty of twenty-five percent (25%) of the wages due in accordance with 43 P.S. § 260.10, plus interest and reasonable attorney's fees allowed by law.

## COUNT SIX

76.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

77.     The PA Labor Laws limit employers from withholding wages from employees pay to specifically enumerated situations outlined in the PWPCL, 43 P.S. § 260.3.

78.     PWPCL § 260.3 provides all wages shall be paid "…except that deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employee, may be made including deductions of contributions to employee benefit plans which are subject to the Employee Retirement Income Security Act of 1974…"  43 P.S. § 260.3.

79.     Throughout the applicable statutory period Defendant withheld wages from the pay of the members of the PA Subclass which were not authorized by the PWPCL and applicable regulations.

80.     The withholdings referenced herein included chargebacks for broken trades and reimbursements to clients of Defendant for errors committed, which were not the fault of the members of the PA Subclass.

81.     Thus the withholdings at issue violate the PWPCL because they are not authorized by regulations of the Department of Labor and Industry, and were not for the convenience of the members of the PA Subclass.

82.     As a result of Defendant's improper withholdings from the wages of the members of the PA Subclass, Plaintiff and the other members were damaged in an amount to be proven at trial.

83.     Therefore, Plaintiff, on behalf of the PA Subclass, requests that Defendant reimburse all members of the PA Subclass from whom it improperly withheld a portion of their wages, and all such other relief that this Court deems appropriate pursuant to the PA Labor Laws.

## COUNT SEVEN

84.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

85.     43 P.S. § 333.108 and 34 Pa. Code § 231.31 require employers to keep a true and accurate record of, among other items, the hours worked each day and each workweek by its employees, and how much overtime was worked.  Additionally, 34 Pa. Code § 231.36 requires employers to furnish a statement to all employees with each payment of wages indicating the number of hours worked during the specific pay period.

86.     Upon information and belief, Defendant did not keep such records, nor did it furnish an accurate statement to Plaintiff and the PA Classes, in violation of PA Labor Laws.

16

87.     Therefore, Plaintiff, on behalf of the PA Classes, requests all such relief that this Court deems appropriate pursuant to the PA Labor Laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.      A Declaration that Defendant has violated the FLSA and other applicable employment laws;

B.      An Order designating Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C.      An Order designating the PA Classes as a Pennsylvania state class action pursuant to the Federal Rule of Civil Procedure 23;

D.      An Order appointing Plaintiff and their counsel to represent the Classes;

E.      Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as the result of the actions described above;

F.      An Order enjoining Defendant from any further violations of the FLSA;

G.      For compensatory and punitive damages and all other statutory remedies permitted;

H.      Prejudgment interest;

I.      An Order awarding attorneys' fees and costs;

J.      An Order for equitable restitution of all wages improperly withheld or deducted by Defendant; and

K.      For all other relief as the Court deems just.

## **JURY DEMAND**

Plaintiff hereby requests a jury trial on all issues so triable.

April 25, 2007

**CARLSON LYNCH LTD**

By:  s/  Gary F. Lynch_____
        Gary F. Lynch
        glynch@carlsonlynch.com
        R. Bruce Carlson
        bcarlson@carlsonlynch.com
        P.O. Box 7635
        36 N. Jefferson Street
        New Castle, PA 16107
        Telephone: 724-656-1555

**SCHIFFRIN & BARROWAY, LLP**
        Joseph H. Meltzer
        Gerald D. Wells, III
        Robert J. Gray
        280 King of Prussia Road
        Radnor, PA 19087
        Telephone: 610-667-7706
        Facsimile: 610-667-7056

        *Counsel for Plaintiff*

18