IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHELDON LEHMAN, individually and on behalf of all others similarly situated,** : <br> : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **LEGG MASON, INC., DOES 1 THROUGH 10 INCLUSIVE, and CITIGROUP GLOBAL MARKETS, INC.,** : <br> : <br> **Defendants** : | No. 1:06-CV-02484 <br><br> JUDGE SYLVIA H. RAMBO |

## **M E M O R A N D U M**

Before the court are motions to dismiss by Defendants Legg Mason, Inc. ("LMI") and Citigroup Global Markets, Inc. ("Citigroup"). Plaintiff Sheldon Lehman filed an amended complaint in this matter on April 25, 2007, seeking relief against all Defendants by way of a nationwide collective action under the Fair Labor Standards Act ("FLSA") and a statewide class action under Pennsylvania law. Plaintiff alleges that he and other similarly-situated securities brokers have been and continue to be deprived of the proper wage due for the number of hours they have worked. The court will address the motions by LMI and Citigroup in a single opinion, granting in part and denying in part the relief requested.

**I.    Background**

   **A.    Facts**

All of the following facts are stated in the amended complaint and are accepted as true for the instant motions to dismiss. The court recounts only those facts necessary to the disposition of the motions. Plaintiff worked as a securities

broker at Legg Mason Wood Walker, Inc. ("LMWW"). During his employment, his employer required him to work more than forty hours per week but did not pay overtime wages for the additional time. Further, his employer withheld compensation due to him to cover alleged errors made in conducting trades for clients and to provide discounts for clients.

LMWW operated as the retail division of LMI. On June 24, 2005, LMWW and Citigroup engaged in a financial transaction in which Citigroup exchanged its worldwide asset management business for LMWW's brokerage and capital markets business. LMWW brokerage offices are now branded as Smith Barney, the name of Citigroup's brokerage division. Plaintiff alleges that LMI and Citigroup were his employers at the relevant times and therefore are liable to him and the other securities brokers he proposes to represent for the wage and hour claims. (*See* Doc. 13 ¶¶ 4, 52-53.)

### B. Procedural History

Plaintiff states seven counts in the amended complaint: Counts I and II are brought under the FLSA for failure to pay required overtime compensation to securities brokers and for failure to pay the required minimum wage for hours worked; Counts III and IV are bought under the Pennsylvania Minimum Wage Act ("MWA") for the same reasons. Counts V and VI are brought pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL") for failure to pay all wages due to the securities brokers and for improperly withholding certain wages. Count VII states a claim under Pennsylvania law for failure to keep accurate records of hours and wages earned and failure to provide a statement of the same to

employees.[1]  LMI filed a motion to dismiss on May 9, 2007.  (Doc. 14.)  Citigroup filed a motion to dismiss on July 20, 2007.  (Doc. 39.)  Both motions to dismiss have been fully briefed and are ripe for disposition.

## II.       **Legal Standard – Motion to Dismiss**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  *Id.* at 1965; *accord, e.g., Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v.*

---

[1] Plaintiff "stipulates to dismissal" of Count VII of his amended complaint in Footnote 2 of his brief in opposition to LMI's motion to dismiss (Doc. 24 at 1) and Footnote 1 of his brief in opposition to Citigroup's motion to dismiss (Doc. 43 at 1).  Federal Rule of Civil Procedure 41(a) counsels that a plaintiff may effect voluntary dismissal of some or all of his case without order of court by filing a notice of dismissal before service by the opposing party of an answer or a motion for summary judgment, whichever is first served, or upon filing of a stipulation of dismissal signed by all parties to the action.  Accordingly, footnotes are not the proper procedural mechanism to stipulate to a voluntary dismissal.  Moreover, Citigroup has filed an answer in this matter, requiring all parties to stipulate to dismissal of the claim or claims Plaintiff seeks to divest.  Because the court expects such a stipulation to be filed, arguments grounded in Claim VII will not be discussed.

*Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.[2] *Bell Atlantic Corp.*, 127 S. Ct. at 1965, 1974; *Victaulic Co. v. Tieman*, — F.3d —, No. 07-2088, 2007 WL 2389795, at *5 (3d Cir. Aug. 23, 2007).

---

[2] The effect of *Bell Atlantic* on the pleading standards under the Federal Rules of Civil Procedure remains to be seen. The Courts of Appeals to consider pleading standards at this early hour of the post-*Bell Atlantic* age appear to conclude that the case presented a different, if not higher, standard of pleading for a complaint. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (*Bell Atlantic* "requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (*Bell Atlantic* and *Erickson* "suggest that courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.").

The Seventh Circuit, however, concluded that *Bell Atlantic* did not change the standard, except to remove the *Conley* gloss that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, — F.3d —, No. 06-2949, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007); *EEOC v. Concentra Health Servs., Inc.*, — F.3d —, 2007 WL 2215764, at *9 (7th Cir. Aug. 3, 2007) (Flaum, J., concurring). Other Circuits may follow the Seventh, having cited to *Bell Atlantic* in the legal standard used for a motion to dismiss without exploring whether it raises the pleading bar. *See Victaulic Co. v. Tieman*, — F.3d —, No. 07-2088, 2007 WL 2389795, at *5 (3d Cir. Aug. 23, 2007); *Powell v. Barrett*, — F.3d —, No. 05-16734, 2007 WL 2386610, at *7 (11th Cir. Aug. 23, 2007); *In re Katrina Canal Breaches Litig.*, — F.3d —, No. 07-30119, 2007 WL 2200004, at *10 (5th Cir. Aug. 2, 2007); *Gregory v. Dillard's, Inc.*, 494 F.3d 694, 710 (8th Cir. 2007). For purposes of this matter, the court need not enter the fray before the Third Circuit speaks definitively.

**III.       Discussion**

LMI argues that some or all of the claims in Plaintiff's amended complaint should be dismissed for the following reasons: 1) Plaintiff's state law class action claims may not be joined with claims under the FLSA;[3] 2) LMI is not an "employer" under the FLSA, WPCL, and the MWA, and therefore may not be sued for violations of those Acts; and 3) Plaintiff fails to state a claim under the WPCL in Count V of the amended complaint. (Doc. 15.)

   **A.     Dual-Filed FLSA and State Labor Law Claims**

LMI and Citigroup argue that Plaintiff may not join in a single suit in federal court a FLSA opt-in collective action and a state law opt-out class action because doing so creates an impermissible conflict with Congressional intent in drafting the FLSA and violates the Rules Enabling Act, 28 U.S.C. § 2072(b). There is no dispute that Legg Mason and Citigroup have a legal obligation to conform to the substance of the standards put forth in both the federal and state paradigm. *See* 29 U.S.C. § 218(a) (requiring compliance with state law when state law provisions are more generous than the FLSA). The question before this court is whether the different *procedural* mechanisms for enforcement under each respective statutory scheme preclude a single action for recovery under both to be brought in federal court. The court is persuaded that such a suit is not precluded.

An employer who violates the provisions of the FLSA shall be liable to its employee in the amount of unpaid minimum wages due or unpaid overtime compensation, plus an equal amount of liquidated damages. 29 U.S.C. § 216(b).

---

[3] Citigroup joins in this LMI's argument, that it is impermissible to bring a state law class action under Rule 23 in conjunction with a collective action under the FLSA (Doc. 40 at 3-7), thus the court will address arguments from both parties in the appropriate section.

Liability may be enforced by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated," but "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The requirement that an employee take this affirmative step to become a plaintiff in a suit under § 216(b) has led to the description of these suits as "opt-in" collective actions. Here, Plaintiff seeks to bring a nationwide FLSA opt-in collective action on behalf of himself and other similarly situated securities brokers employed by Defendants to recover unpaid overtime wages due under federal law.

The "opt-in" mechanism distinguishes actions under § 216(b) from standard class actions under Federal Rule of Civil Procedure 23. Under Rule 23, the name plaintiff and purported class representative defines a class of persons on whose behalf he brings suit. If the court approves, every member of that class is deemed part of the class and bound by the adjudication of the merits unless he affirmatively opts *out* of the adjudication. Here, Plaintiff seeks to bring an opt-out statewide class action on behalf of all current and former securities brokers within the Commonwealth of Pennsylvania to recover unpaid overtime wages due under Pennsylvania law.

LMI argues that Plaintiff's attempt to bring both actions in the same complaint "conflicts impermissibly with Congressional intent in crafting the FLSA." (Doc. 15 at 7.) The court disagrees. By mandating an opt-in scheme under FLSA, Congress intended to balance the need for vindication of employees' federal statutory rights with the need to curb the number of lawsuits and the vast potential liability for employers under an opt-out federal class action. *De Asencio v. Tyson*

*Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) (citing 93 Cong. Rec. 2,082 (1947)). Congress acted only with respect to *federal* claims, however, and did not preempt or limit the remedies available through state law. *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 308 (D. Mass. 2004). The plain language of the FLSA instructs that "[n]o provision of [the FLSA] or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance" establishing more favorable rights regarding minimum wage or maximum workweek. § 218(a). The intent of § 218(a) is to leave undisturbed "the traditional exercise of the states' police powers with respect to wages and hours more generous than the federal standards." *Pac. Merch. Shipping Ass'n v Aubry*, 918 F.2d 1409, 1421 (9th Cir. 1990); *but see McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) (concluding that dual-filed actions undermine Congressional intent without examining § 218(a)). This court is persuaded that nothing in the plain text of the FLSA reflects Congressional intent to limit the substantive remedies available to an employee under state law, nor to limit the procedural mechanism by which such a remedy may be pursued. *See Beltran-Benitez v. Sea Safari, LTD.*, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001); *c.f.* Noah A. Finkel, *State Wage-and-Hour Law Class Actions: The Real Wave of "FLSA" Litigation?*, 7 Emp. Rts. & Emp. Pol'y J. 159, 174-75 (2003) (noting that the courts holding that dual actions violate congressional intent or that § 216(b) impliedly preempts state wage-and-hour class actions are in the minority).

  As noted above, the difference between the opt-in collective action and the opt-out class action is procedural. At this point in the pleadings, this court has no reason to conclude that the merely procedural differences presented are such that

Plaintiff's proposed state law class action claim should be dismissed.  *See Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 374 (S.D.N.Y. 2007) (noting no historical difficulty in administering previous dual-filed actions).

This court appreciates the precedent and persuasive authority that have rejected dual-filed actions like this one.  Those cases are distinguishable from the instant matter because they rely on the court's discretion to decline to exercise supplemental jurisdiction over the state law class action.  *See, e.g., De Asencio v. Tyson Foods, Inc.*, — F.3d —, No. 06-3502, 2007 WL 2505583, at *5 (3d Cir. Sept. 6, 2007) (in *De Asencio*, 342 F.3d at 312, "this court decided that 'the District Court did not exercise sound discretion in granting supplemental jurisdiction over the WPCL action'"); *Neary v. Metro. Prop. & Cas. Ins. Co*, 472 F. Supp. 2d 247, 251-53 (D. Conn. 2007); *Evans v. Lowe's Home Ctrs., Inc.*, No. 3:CV-03-0438, 2006 WL 1371073, at * 5 (M.D. Pa. May 18, 2006); *McClain*, 222 F.R.D. at 577; *Jackson v. City of San Antonio*, 220 F.R.D. 55, 57-61 (W.D. Tex. 2003); *but see Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 523-24 (M.D. Pa. 2006) (dismissing state law proposed class action because of irreconcilable conflict between FLSA and Rule 23 procedures).

Further, almost all of the cited opinions were written in response to motions for class certification on the state law claim.  At the class certification stage, the court and the parties have a clearer picture of the extent of the case.  The court is far better equipped to examine the factors mitigating for or against the discretionary exercise of supplemental jurisdiction than on a motion to dismiss.  LMI rightly did not delve into the question of supplemental jurisdiction over Plaintiff's proposed

8

state law class action because more information and additional argument are required before the court may decide the matter. *See generally* Matthew W. Lampe & E. Michael Rossman, *Procedural Approaches for Countering the Dual-Filed FLSA Collective Action and State-Law Wage Class Action*, 20 Lab. Law 311, 327-37 (2005). Citigroup's arguments in anticipation of Plaintiff's eventual motion for class certification are too speculative at this stage of the pleadings for a prudent decision on this matter. (*See* Doc. 40 at 7-10.) The court will address such a jurisdictional question at such time when the matter is ripe, with full benefit of briefing from all parties.

Last, the Rules Enabling Act, 28 U.S.C. § 2072(b), does not preclude dual-filed suits. The Rules Enabling Act permits the Supreme Court to promulgate general rules of practice, procedure, and evidence for the courts of the United States – but those rules "shall not abridge, enlarge or modify any substantive right." § 2072(b). LMI does not provide a single case citation in support of its contention that this suit violates the Act. Indeed, on the rare instance when it has been raised, the argument has been rejected by the courts. *See Neary*, 472 F. Supp. 2d at 251; *Westerfield v. Washington Mut. Bank*, No. 06-CV-2817, 2007 WL 2162989, at *1 (E.D.N.Y. July 26, 2007). As the foregoing discussion demonstrates, the differences between a collective action under FLSA and a state class action under Rule 23 are procedural. These procedural differences will not "abridge, enlarge or modify" any substantive right of Plaintiff or Defendants under either statutory scheme.

Defendants' arguments would be well-taken if Plaintiff were attempting to bring a Rule 23 class action to enforce rights under the FLSA. Such a suit is clearly impermissible and a court would have no choice but to dismiss a complaint

to that effect. The instant amended complaint is distinguishable from that scenario for the reasons articulated. Accordingly, Plaintiff's proposed state-law class action will not be dismissed at this time because the facts alleged provide a more than plausible basis for recovery. The procedure for enforcing that recovery, though different from the procedure under the FLSA, is not preclusive of Plaintiff's ability to bring both actions in this court.

### B. "Employer" Status

An "employer" subject to the FLSA is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."[4] 29 U.S.C. § 203(d). Liability for violating an employee's rights under FLSA has attached to a parent corporation for the acts of a subsidiary when the parent substantially controls the terms and conditions of employment at its subsidiary on a regular basis. *See E.E. Falk v. Brennan*, 414 U.S. 190, 195 (1973). LMI argues that the amended complaint must be dismissed because "LMI is not, and has never been, the 'employer' of the Plaintiff nor any member of the Nationwide Class." (Doc. 15 at 4.) Rather, LMI is and has always been "a 'holding company' whose sole business is the ownership of various subsidiary corporations," one of which was LMWW. (*Id.* at 5.) Thus Plaintiff was employed by LMWW, not LMI. LMI further argues that because Plaintiff did not articulate facts in his amended complaint that allege regular control by LMI over the terms and conditions of his employment, all FLSA claims against LMI should be dismissed.

---

[4] The definition of "employer" under Pennsylvania wage and hour laws is substantially similar to this definition in the FLSA. *See* 43 Pa. Cons. Stat. Ann. §§ 260.2a, 333.103(g). For purposes of this motion, the court need not examine each.

10

The amended complaint contains the following allegation: "At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA. (Doc. 13 ¶¶ 52-53.) "Defendant" means "all defendants" in this matter. (*Id.* ¶ 4.) Thus, on the face of the complaint, Plaintiff has fairly and adequately alleged that Defendant LMI was his "employer" under the relevant statutory definitions. Limited discovery is necessary to resolve this issue, as anticipated by the parties' joint case management plan filed on August 23, 2007. (Doc. 44 ¶ 6.200.) LMI's motion to dismiss will be denied on this ground.

### C. **Pennsylvania Wage Payment and Collection Act**

As stated by the Pennsylvania Supreme Court, "[t]he Wage Payment and Collection Law provides employees a statutory remedy to recover wages and other benefits that are *contractually* due to them." *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997) (emphasis added); *Thomas Jefferson Univ. v. Wapner*, 903 A.2d 565, 574 (Pa. Super. 2006); *Kafando v. Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa. Super. 2000); *Hartman v. Baker*, 766 A.2d 347, 352 (Pa. Super. 2000). Accordingly, a prerequisite for relief under the WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid. *Mavrinac v. Emergency Med. Ass'n of Pittsburgh*, No. 2:04-CV-1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005); *see Weldon v. Kraft Inc.*, 896 F.2d 793, 801 (3d Cir. 1990); *Harding v. Duquesne Light Co*, 882 F. Supp. 422, 427-28 (W.D. Pa. 1995). Relief under the WPCL is implausible without existence of a contract.

Plaintiff has failed to plead the existence of a contract between himself and any Defendant. His argument that his WPCL claim must survive this motion to

dismiss because "Defendant failed to pay wages earned and due, *as mandated by federal and state law*" (Doc. 24 at 20 (emphasis added)) and his request to "recover *(statutory) wages* due to Plaintiff and members of the class" (*id.* at 21 (emphasis added)) demonstrates a misunderstanding of the purpose of the WPCL as it is interpreted by Pennsylvania courts.  The WPCL does not provide relief for wages due under state or federal law, thus Plaintiff's claim for relief under this statute is implausible.  LMI's motion to dismiss will be granted as to Count V of the amended complaint.

Count V will be dismissed as to the remaining Defendants as well, although they did not argue the point.  *Sua sponte* dismissal of a claim is disfavored and inappropriate unless the basis for dismissal is apparent from the face of the complaint.  *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).  If a complaint is baldly inadequate as a matter of law, the court may, on its own motion, dismiss the complaint or a claim stated therein.  *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Murphy v. Lane*, 833 F.2d 106, 106-07 (7th Cir. 1987); *Coggins v. Carpenter*, 468 F. Supp. 270, 279 (E.D. Pa. 1979); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure – Civil § 1357 (3d ed. 1998).  This practice promotes the prompt and efficient disposition of cases and protects valuable judicial resources by expediting the dismissal of cases that lack "a shred of a valid claim." *Baker v. Dir., U.S. Parole Com'n*, 916 F.2d 725, 726 (D.C. Cir. 1990).

There are procedural safeguards for the plaintiff that a court must extend before *sua sponte* dismissal is proper.  The court must accept all of the

plaintiff's allegations as true. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). The court must give the plaintiff notice and an opportunity to be heard on the legal viability of his complaint. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006); *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3d Cir. 1976). Not infrequently, this notice and opportunity to be heard is provided by the act of a single defendant who raises a defense applicable to all defendants. In this event, the plaintiff has notice of the defense and the opportunity to rebut. That a single defendant raises the issue does not alter plaintiff's responsibility to marshal every fact and argument of law at its disposal to invalidate the defense. Accordingly, if one defendant successfully argues a defense applicable to all defendants, the court may enforce it as to all defendants. *See Pourghoraishi*, 449 F.3d at 765-66; *Coggins*, 468 F. Supp. at 279.

Plaintiff had notice and the opportunity to be heard on Count V courtesy of LMI's motion and briefing. Plaintiff made arguments and cited case law in support of his position, but was ultimately unpersuasive. Because the court has concluded that the proper disposition of this argument is to dismiss Count V against LMI and the facts and law pertinent to LMI are the same as those pertinent to the remaining Defendants, the proper course is to dismiss Count V in its entirety without prejudice.

**IV.**     **Conclusion**

Accordingly, LMI's motion to dismiss will be granted in part and denied in part. Citigroup's motion to dismiss will be denied.

<pre>
                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge
</pre>

Dated:  September 20, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHELDON LEHMAN, individually and on behalf of all others similarly situated,** | No. 1:06-CV-02484 |
| **Plaintiff** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **LEGG MASON, INC., DOES 1 THROUGH 10 INCLUSIVE, and CITIGROUP GLOBAL MARKETS, INC.,** | |
| **Defendants** | |

# O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) The motion to dismiss the amended complaint by Defendant Legg Mason, Inc. (Doc. 14) is **GRANTED** in part and **DENIED** in part.

   a) The motion is **GRANTED** as to Count V. Count V is **DISMISSED** as to all Defendants.

   b) The motion is **DENIED** in all other respects.

2) The motion to dismiss the amended complaint by Defendant Citigroup Global Markets, Inc. (Doc. 39) is **DENIED**.

3) The parties shall conduct discovery as directed in this court's order of August 28, 2007 (Doc. 48).

4) Plaintiff shall file a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41 to dismiss Count VII.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 20, 2007.