UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELDON LEHMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., SUCCESSOR IN INTEREST TO LEGG MASON WOOD WALKER, INC.; LEGG MASON, INC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 06-02484<br><br>Judge Sylvia H. Rambo<br><br>**FILED**<br>HARRISBURG, PA<br><br>JAN 2 6 2011<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>Deputy Clerk |

## JUDGMENT AND ORDER OF DISMISSAL

This matter came on for hearing upon the joint application of the Class Representative, Sheldon Lehman, on behalf of himself and all other members of the Settlement Classes, and Defendant Citigroup Global Markets, Inc. ("CGMI" or "Defendant") (collectively, the "Settling Parties"), for approval of the Settlement set forth in the parties' Joint Stipulation and Settlement Agreement, as amended by the Stipulation and Order Amending the Joint Stipulation and Settlement Agreement (collectively, the "Stipulation"). Due and adequate notice having been given to the Settlement Classes, and the Court having considered the Stipulation, all papers filed and proceedings held herein, and having reviewed the record in this Litigation, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other members of the Settlement Classes, and Defendant.

3. The Court finds that the distribution of the notices to members of the Settlement Classes regarding the pendency of the proposed class and collective action Settlement and notice of the hearing on the proposed Settlement (the "Class Notices"), as provided for in the Order Granting Preliminary Approval of Settlement, constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Classes, and fully meet the requirements for due process under the United States Constitution and applicable Pennsylvania state laws. Based upon the evidence in the record and other materials submitted in conjunction with the proposed Settlement, the actual Class Notices to members of the Settlement classes were adequate.

4. The Court finds in favor of Settlement approval.

5. The Court finds that the Settlement was the product of protracted, arms' length negotiations between experienced counsel. The Court approves the Settlement of the above-captioned action, as set forth in the Stipulation, each of

the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6. The Court finds that there were no written objections to the Settlement.

7. All of the Released State Law Claims are dismissed with prejudice as to the Class Representative and Participating Pennsylvania Settlement Class Members and all of the Released Federal Law Claims are dismissed with prejudice as to the Class Representative and Participating FLSA Settlement Class Members and Pennsylvania Settlement Class Members who submitted a valid Claim Form and Consent to Join Settlement Class.

8. Solely for purposes of effectuating this Settlement, the Court has certified a class and collective action consisting of all Settlement Class Members, as those terms are defined in and by the terms of the Stipulation.

9. The Court finds, for settlement purposes only, that the Pennsylvania Settlement Class meets the requirements for class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

10. The Court finds, for settlement purposes only, that the FLSA Settlement Class meets the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§

201 *et seq.*

11.   The Court finds that the Participating FLSA Settlement Class Members and Pennsylvania Settlement Class Members who filed a valid and timely Claim Form and Consent to Join Settlement Class satisfy the applicable standards for participating in and being bound by the judgment in a collective action under 29 U.S.C. § 216(b).

12.   This Order, which certifies a class and collective action for settlement purposes only, shall not be cited to in any matter for the purpose of seeking class or collective action certification or class or collective action notice.

13.   Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant or any of the Citigroup Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendant or any of the Citigroup Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res

judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. CGMI has agreed to pay (i) Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs and expenses; (ii) the Claims Administrator its reasonable fees for its services; and (iii) an enhancement award to the Class Representative to reimburse him for his unique services. The Court finds that these agreements are fair and reasonable. CGMI is directed to make such payments in accordance with the terms of the Stipulation. In all other respects, the Settling Parties are to bear their own attorneys' fees and costs.

15. This matter is hereby dismissed with prejudice. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Participating Settlement Class Members and Defendant for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

16. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _January 26, 2011_                    _/s/ Sylvia H. Rambo_
                                              Sylvia H. Rambo, U.S.D.J.